**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4490

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL RAY GRIMSTEAD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:16-cr-00239-KDB-DCK-2)

Submitted:  April 23, 2026                          Decided:  April 28, 2026

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Chiege O. Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2017, Daniel Ray Grimstead pleaded guilty to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Grimstead to 50 months' imprisonment followed by three years of supervised release.  In 2021, the district court revoked Grimstead's supervised release and sentenced him to 16 months' imprisonment followed by one year of supervised release.  In 2023, the district court again revoked Grimstead's supervised release and sentenced him to six months' imprisonment followed by one year of supervised release.  When Grimstead again violated his terms of supervised release by using controlled substances, failing to comply with drug testing and treatment requirements, and committing new criminal offenses, the court again revoked Grimstead's supervised release.  The court sentenced Grimstead to 18 months' imprisonment with no additional term of supervised release.

Grimstead now appeals, and counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Grimstead's sentence upon revocation is substantively unreasonable.  We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.*  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive

considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023).

We have reviewed the record and conclude that the sentence is procedurally reasonable. The district court properly calculated the policy statement range, provided the parties an opportunity to be heard, responded to the parties' sentencing arguments, and sufficiently explained the chosen sentence. We further conclude that Grimstead fails to rebut the presumption of substantive reasonableness accorded his sentence within the policy statement range.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Grimstead, in writing, of the right to petition the Supreme Court of the United States for further review. If Grimstead requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grimstead.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*